*662 In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated December 20, 2007, as denied that branch of its motion which was for summary judgment dismissing the complaint.
Ordered that the order is affirmed insofar as appealed from, with costs.
The injured plaintiff alleges that she slipped and fell on spots of oil which leaked from a machine that the defendant used to oil the lanes of its bowling alley. The oil spots allegedly were located in the approach area of the lane where the injured plaintiff was bowling. The deposition testimony of the bowling alley’s manager indicates that oiling of the bowling lanes began approximately two hours prior to the accident, and that the machine had been known to drip oil. The injured plaintiff’s husband also claims that he observed oiling in progress while he and his wife were bowling.
The defendant failed to make a prima facie showing of its entitlement to judgment as a matter of law by submitting evidence that it neither created the alleged hazardous condition which caused the injured plaintiff’s fall, nor had actual or constructive notice of the condition (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly denied that branch of the defendant’s motion which was for summary judgment dismissing the complaint. Fisher, J.E, Miller, Dillon and Eng, JJ., concur.